NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3083
_____

MOHAMMAD MAHMOUD,
                                        Appellant

v.

CITY OF PATERSON; POLICE CHIEF JAMES WIDDING;
POLICE DIRECTOR MICHAEL WALKER

_____

On Appeal from the District Court
for the District of New Jersey
(District Court No.: 2-10-cv-05711)
District Judge: Honorable Dickinson R. Debevoise

_____

Submitted under Third Circuit LAR 34.1 (a)
on March 19, 2015

Before: McKEE, Chief Judge, RENDELL and FUENTES, Circuit Judges

(Filed: May 7, 2015)

_____

O P I N I O N*

_____

**RENDELL**, Circuit Judge:

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Plaintiff-Appellant Mohammad Mahmoud appeals from the District of New Jersey's grant of summary judgment on his § 1983 and § 1981 claims against the City of Paterson, Police Chief James Widding, and Police Director Michael Walker. For the reasons stated below, we will affirm.

## I. Background

Mahmoud is a Muslim-American who was hired by the Paterson Police Department in 2001. In 2004, Mahmoud was accused of committing domestic violence against his wife. Mahmoud was charged with simple assault, and his firearm was taken away pursuant to the Attorney General Guidelines on Domestic Violence. As part of an investigation by County Prosecutor Wronko, Police Chief Widding was asked to complete a form regarding his recommendation as to whether Mahmoud should be rearmed. Widding recommended that Mahmoud not be rearmed. The Prosecutor then embarked upon an investigation in which he reviewed the details of the domestic violence incident, interviewed Mahmoud's wife, her sister and mother, reviewed Mahmoud's original hiring psychological evaluation and an additional psychological evaluation conducted after the incident, and evaluated his fitness for duty reports. This investigation culminated in the Prosecutor's determination that Mahmoud not be rearmed.

In November 2010, Mahmoud brought an action under § 1983 and § 1981 against the City of Paterson, Police Chief Widding, and Police Director Walker, alleging that the decision not to rearm him was discriminatory because the Prosecutor had a history of permitting other non-Muslim police officers with similar and sometimes worse records to

2

be rearmed.  Mahmoud argued that the County Prosecutor, who he acknowledged had the final say on re-armament decisions, simply "rubber-stamped" the recommendation of the police department.

The District Court found these arguments unavailing based on the Prosecutor's extensive investigation that included a review of psychiatric evaluations, which contained red flags regarding Mahmoud's fitness for duty, which a hearing officer relied on as the basis for his termination.  The District Court further stated that the final rearmament decision belonged to the Prosecutor, who was not named as a defendant, and that the individual Defendants were entitled to qualified immunity for their recommendation to the Prosecutor.  Finally, the District Court found Mahmoud's discrimination charge unsubstantiated by the record.

Mahmoud now appeals the District Court's grant of summary judgment, claiming 1) the District Court incorrectly granted qualified immunity to the City and individual Defendants; and 2) the District Court erred in failing to conduct a proper *McDonnell-Douglas* analysis for his discrimination claim.[1]

## II. Discussion

---

[1] Mahmoud also brought a collateral estoppel claim, arguing that the administrative proceedings regarding his rearmament and termination on which the District Court relied should not have had a preclusive effect because the issue of unlawful discrimination was not fully and fairly litigated in those proceedings.  However, the District Court never held that Mahmoud was precluded from asserting his claims; only that the extensive a and administrative proceedings, in which Mahmoud was deemed unfit to be rearmed, demonstrated that the police department's decision was objectively reasonable and made in good faith.  Mahmoud was also not precluded from appealing these adverse administrative rulings pursuant to N.J. Court Rule 2:2-3(a)(1) and (2).  Therefore, his argument is unfounded.

This Court has plenary review over the decision to grant summary judgment. *Intermilo, Inc. v. I.P. Enterprises, Inc.*, 19 F.3d 890, 892 (3d Cir. 1994). Summary judgment is appropriate "if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the burden of showing that no genuine dispute of material fact exists. *Id.* at 323. A moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. If the moving party can make such a showing, then the burden shifts to the non-moving party to present evidence that a genuine factual dispute exists. *Id.* at 324. In deciding whether a dispute of material fact exists, the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

Mahmoud claims that the District Court incorrectly granted qualified immunity to the individual Defendants. An analysis of qualified immunity involves two issues: (1) whether a government official's conduct violates a constitutional right, and (2) whether such right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The contours of a right must be sufficiently clear such that a reasonable official would understand that what he is doing violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Municipalities, on the other hand, may be held liable under § 1983 or § 1981 only if a plaintiff demonstrates that (1) an unconstitutional policy or custom (2)

4

attributable to the municipality (3) caused an official to inflict a constitutional injury upon the plaintiff. *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 663 (1978).

Mahmoud contends that he was discriminated against and terminated based on his national origin, and that the Defendants "caused the Passaic County Prosecutor to refuse to return" his firearm. Compl. at 4; App. 31. While the facts reveal that Police Chief Widding did indeed "recommend" that Mahmoud not be rearmed, the record reveals that his termination resulted from a lengthy investigation, and was ultimately decided by the Prosecutor, not from any acts of Widding or Walker. The only fact of record regarding the role that Police Chief Widding's recommendation may have had is Prosecutor Wronko's testimony that such a recommendation is "influential" but not "persuasive." App. 89-90. This, together with the details of the extensive review process conducted by the Prosecutor before making his determination, demonstrate that Mahmoud has not proven what his complaint alleges, namely, that Widding or Walker "caused" his termination. Indeed, as the District Court found, Mahmoud's charge is "simply unsubstantiated by the record." *Mahmoud v. City of Paterson*, No. CIV. 10-5711 DRD, 2014 WL 2155370, at *6 (D.N.J. May 22, 2014); App. 11. Thus, Mahmoud failed to make out a prima facie case of discrimination, and the adverse employment action was that of Prosecutor Wronko, not Widding or Walker. To the extent that it could be argued that the recommendation alone was an adverse action, Mahmoud has not shown that

5

Widding or Walker bore any discriminatory animus[2] towards him, or that discrimination could be inferred based on their treatment of officers "similarly situated."[3]

In the absence of an "adverse action" by the Defendants, a *McDonnell-Douglas* burden-shifting analysis was not required by the District Court. Additionally, in the absence of any constitutional violation—here, not proven—qualified immunity was properly granted, and there was no need to address the City's liability.

### III. Conclusion

Mahmoud failed to name the County Prosecutor, the individual who made the final decision not to rearm him, as defendant in his § 1981 and § 1983 actions. He failed to demonstrate that any discriminatory animus motivated either the Prosecutor's or Police Chief Widding's decision not to recommend his rearmament. The District Court

---

[2] *Abramson v. William Paterson College of New Jersey*, where this Court held that a recommendation not to give an Orthodox Jewish professor tenure at a university demonstrated a prima facie case of employment discrimination is distinguishable because the plaintiff in *Abramson* provided ample evidence of discrimination laden in the recommendation that is simply absent here. 260 F.3d 265 (3d Cir. 2001). In *Abramson*, the defendant employer complained repeatedly that the plaintiff was unavailable on Fridays and Saturdays due to Sabbath observation prior to sending the objected-to recommendation letter. *Id.* at 279. Here, besides Mahmoud's general allegation that he was subjected to racially derogatory remarks, none of which he attributed to Widding or Walker, with nothing further, fails to demonstrate that Widding or Walker held any racial animus toward him. Additionally, while Widding may have recommended that other police officers be rearmed after domestic violence incidents, this alone does not prove discriminatory intent. Finally, in *Abramson*, the plaintiff named the correct defendant for purposes of Title VII and the New Jersey Law Against Discrimination ("NJLAD"). *Id.* at 267. The same is not true here. Mahmoud has not named the Prosecutor, who made the final decision not to rearm him, as a defendant in his § 1981 and § 1983 actions.

[3] As the District Court noted, the treatment of other officers is highly "specific and contextual." App. 12. Moreover, while Mahmoud's counsel questioned Wronko at length regarding the disarming decisions of several other officers, no testimony of Widding or Walker regarding their undue influence in any of these specific situations has been presented to us.

6

therefore correctly granted qualified immunity to the individual Defendants, and correctly denied Mahmoud's claims as to the City of Paterson for failure to demonstrate a constitutional violation. As such, we will affirm.